**In the Matter of the Application for the Discipline of William B. McCALLUM, an Attorney at Law of the State of Minnesota.**

No. 49037.

Supreme Court of Minnesota.

Jan. 18, 1980.

Michael J. Hoover, Administrative Director on Professional Conduct, St. Paul, for appellant.

William B. McCallum, pro se.

Allen Saeks, Minneapolis, for respondent.

PER CURIAM.

The Lawyers Professional Responsibility Board (the board) has brought this disciplinary action against respondent, William B. McCallum, an attorney at law, charging him with failure to timely file his personal income tax returns for the years 1974 and 1975 and neglect in the handling of certain estates and guardianships.

Respondent is 49 years old. He was admitted to the Minnesota bar on October 27, 1958, and currently practices law in Minneapolis, Minnesota. Respondent did not file his state personal income tax returns for the years 1974 and 1975 until the summer of 1977. In November 1977, respondent pleaded guilty to charges that he violated the income tax laws of the state of Minnesota by filing late personal income tax returns for 1974 and 1975. Respondent was fined $600 and sentenced to serve 120 days in the workhouse. Imposition of the sentence was stayed for a year subject to certain terms and conditions.

In addition to charging that respondent delayed in filing his personal income tax returns, the petition of the board charges that respondent neglected matters entrusted to him as administrator of the estate of a deceased relative, as attorney for the estate of another deceased relative, and as guardian of the incompetent and minor children of one of the decedents.

Respondent and the board have entered into a stipulation pursuant to which respondent has admitted the facts contained in the allegations of the petition, and the board has recommended that this court place respondent on supervised probation for a period of 5 years.

In *In re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972), we said that the appropriate sanction for an attorney's failure to file personal income tax returns is suspension or disbarment. We noted, however, that "[t]he alternative of granting probation is still reserved by this court in the future, but it will be allowed in only the most extreme, extenuating circumstances * * *." 294 Minn. at 55, 199 N.W.2d at 632. There are circumstances sufficient to justify probation as a sanction in this case.

The record establishes that respondent became ill while on a visit to Mexico in 1962. Although he consulted many physicians, the disease was not properly diagnosed or treated until July 1977. In the interim, its symptoms prevented respondent from functioning professionally or socially and precipitated a severe depressive reaction. The medical evidence amply demonstrates that respondent's illness and ensuing depression were major causes of the misconduct complained of in this case. Since respondent began treatment for the disease in 1977, his physical and emotional problems have been remedied. Respondent has paid his state income taxes for 1974 and 1975. There is no indication of fraud or deceit on his part, either with respect to his delay in filing his personal income tax returns or with respect to his handling of the estates and guardianships. Nor is there evidence that respondent neglected any matters, other than the estates and guardianships, that were entrusted to him as a lawyer. Respondent has made significant contributions to the community and has never before been the subject of a disciplinary action.

Under these circumstances, we find the board's recommended sanction appropriate and approve it with one modification. Respondent will be on probation to this court for a period of 5 years but for only the first 3 of those years will the probation be supervised. Respondent's probation will be subject to the following conditions:

A. During the probationary period, respondent shall fulfill such periodic reporting and other reasonable requirements as the board herein may make.

B. Respondent shall commit no further violations of the Code of Professional Responsibility.

C. Respondent shall continue to seek whatever medical treatment is necessary to prevent a recurring pattern of the disability which occurred during the time of the misconduct herein.

D. Respondent shall provide the board with whatever medical authorizations the board requests which are necessary to verify compliance with paragraph C above.

E. Respondent shall timely file and pay all state and federal taxes as they become due. If an extension of time to pay or file is granted by tax authorities, respondent shall inform the board of the alternative due date. Respondent shall affirmatively report, on or before the due date of each year during which this probation is in effect, his compliance with said filing and payment requirements, and upon reasonable request of the board, respondent shall provide the board with such powers of attorney or other authorizations as are necessary for the board to obtain verification from state and federal authorities that said tax returns have been filed and the taxes due thereon have been paid in full.

Accordingly, respondent is as of this date placed on supervised probation for a period of 3 years and unsupervised probation for an additional 2 years, subject to the conditions outlined above.