In the Matter of the Application for the DISCIPLINE OF William B. McCALLUM, an Attorney at Law of the State of Minnesota.

No. C2–78–49037.

Supreme Court of Minnesota.

April 8, 1985.

ORDER

The above entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, a May 2, 1983, Petition for Revocation of Probation and for further disciplinary action, and a December 2, 1983, Supplemental Petition for Revocation of Probation and for further disciplinary action, and a December 15, 1983, Second Supplemental Petition for Revocation of Probation and for further disciplinary action, and a July 13, 1984, Third Supplemental Petition for Revocation of Probation and for further disciplinary action, and a September 14, 1984, Fourth Supplemental Petition for Revocation of Probation and for further disciplinary action are currently pending before this Court,

WHEREAS, Referee Bruce C. Stone filed his Findings of Fact, Conclusions and Recommendation with this Court on or about January 14, 1985, a copy of which is attached hereto as Exhibit A,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. The referee's Findings and Conclusions constitute the factual basis for the resolution of this disciplinary proceeding.

a. *Income and other taxes.* Respondent's tardy filing and late payment of income and other taxes, and Respondent's failure to so advise his probation counselor and the Director, violated the disciplinary rules and the Supreme Court's January 18, 1980, Probation Order, 289 N.W.2d 146.

b. *Family guardianship.* Even though there was no money misappropriated nor did the wards suffer any pecuniary loss, Respondent's repeated failure to submit a final account, to arrange for the issuance of stock certificates, to reply to official correspondence, and to close the guardianships at the request of the Probate Judge violated the disciplinary rules.

c. *North Star Petroleum Company.* While there was no proof of any shortage of funds, Respondent's North Star Petroleum Company loans involved definite attorney/client conflicts of interest and the commingling of funds in violation of the disciplinary rules. Respondent's failure to account to shareholders also violated the disciplinary rules.

d. *Bomac Mines.* While all of the Bomac money was either invested in the exploration project or in payments of attorneys' fees, Respondent's Bomac Mines transactions involved conflicts of interest, improper commingling of funds, a mis-statement to a limited partner, and the improper use of a law office trust account as a depository for investments in violation of the disciplinary rules.

e. *Brutanza Engineering.* Respondent's three to nine month delay and neglect in disbursing settlement proceeds received on behalf of his client, Brutanza Engineering, violated the disciplinary rules.

f. *Non-cooperation.* Respondent's failure to cooperate with the Director's investigation violated the disciplinary rules.

g. *Medical and mental condition.* Respondent's state of agitated depression can be considered in mitigation, but not as a defense to the disciplinary rule violations. That part of Respondent's conduct and violations that stem from tardiness, delay, carelessness, missing of appointments, and indecisiveness are explained, in part, by his mental condition. That part of Respondent's conduct involving the failure to observe basic requirements to

avoid conflicts of interest, commingling of funds and failing to cooperate with duly constituted authority is not mitigated by his mental condition. Respondent's prognosis is in doubt and cannot be predicted with accuracy.

h. *Miscellaneous matters.* While the Referee found that Respondent seriously violated the rules in regard to tax returns, conflicts of interest, professional neglect, non-cooperation, improper handling of trust accounts and bank accounts, and inadequate books and records, the record does not establish by clear and convincing evidence the Respondent's conduct involved moral turpitude, dishonesty, fraud, deceit or intentional misrepresentation.

2. The Director and Respondent join in recommending that the appropriate discipline, pursuant to Rule 15, Rules on Lawyers Professional Responsibility (RLPR), is an indefinite suspension with leave to petition for reinstatement on or after August 28, 1989, with reinstatement conditioned upon:

a. Respondent's interim income tax returns being made out and filed without any delay, and with preparation by a professional in the field, and that any tax due be promptly paid.

b. Respondent's completion of medical, psychiatric and Minnesota Multiphasic Personality Inventory examinations and reports which show a complete recovery, and that there be no medical or mental obstacles whatsoever to Respondent's reinstatement to the practice of law.

c. Respondent's submission to adverse medical, psychiatric and Minnesota Multiphasic Personality Inventory examinations by persons selected by the Director, and Respondent's payment of the expenses involved.

d. Respondent's payment of any and all judgments immediately after Conclusion of the Appellate process, without putting judgment creditors to the trouble and expense of collection or levy, and the payment of any amounts

clearly due without the necessity of law suit or trial.

e. Respondent's submission of a proposed system of bookkeeping, bank accounts and trust accounts in strict compliance with Opinion 9 of the Lawyers Professional Responsibility Board.

f. Respondent's payment to the Director of $1,898.27 in costs and disbursements pursuant to Rule 24, RLPR, within 60 days of this Court's Order.

3. Subject to the Court's approval of this Stipulation, the parties agree to waive oral argument and deem the matter submitted on the basis of this Stipulation.

4. This Stipulation is entered into by Respondent freely and voluntarily, without any coercion, duress or representations by any persons except as contained herein. Respondent has been and continues to be advised by the undersigned legal counsel in this proceeding.

5. Respondent hereby acknowledges receipt of a copy of this Stipulation.

Based upon the records, files and proceedings herein, and the stipulation of the parties,

IT IS HEREBY ORDERED:

1. The Respondent William B. McCallum be and hereby is indefinitely suspended from the practice of law with leave to petition for reinstatement on or after August 28, 1989, with reinstatement conditioned upon:

a. Respondent's interim income tax returns being made out and filed without any delay, and with preparation by a professional in the field, and that any tax due be promptly paid.

b. Respondent's completion of medical, psychiatric and Minnesota Multiphasic Personality Inventory examinations and reports which show a complete recovery, and that there be no medical or mental obstacles whatsoever to Respondent's reinstatement to the practice of law.

c. Respondent's submission to adverse medical, psychiatric and Minnesota Multi-

phasic Personality Inventory examinations by persons selected by the Director, and Respondent's payment of the expenses involved.

d. Respondent's payment of any and all judgments immediately after Conclusion of the Appellate process, without putting judgment creditors to the trouble and expense of collection or levy, and the payment of any amounts clearly due without the necessity of law suit or trial.

e. Respondent's submission of a proposed system of bookkeeping, bank accounts and trust accounts in strict compliance with Opinion 9 of the Lawyers Professional Responsibility Board.

f. Respondent's payment to the Director of $1,898.27 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility, within 60 days of this Order.