**In the Matter of the Application for the DISCIPLINE OF Walter ANASTAS, Respondent.**

**No. CX–85–722.**

Supreme Court of Minnesota.

May 8, 1985.

---

## ORDER

The above entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, respondent has concluded it is in his best interest to enter into this stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. Respondent understands he has the right to have charges of unprofessional conduct against him heard by a Lawyers Professional Responsibility Board Panel prior to the filing of a petition for disciplinary action, as set forth in the Rules on Lawyers Professional Responsibility (RLPR). Pursuant to Rule 10(a), RLPR, the parties agree to dispense with panel proceedings under Rule 9, RLPR, and respondent agrees to the immediate filing of a petition for disciplinary action, hereinafter petition, in the Minnesota Supreme Court.

2. Respondent understands that upon the filing of this stipulation and the petition this matter will be of public record.

3. Respondent understands he has certain rights pursuant to Rule 14, RLPR. Respondent waives these rights, which include the right to a hearing before a referee on the petition; to have the referee make findings and conclusions and a recommended disposition; to contest such findings and conclusions; and to a hearing before the Supreme Court upon the record, briefs and arguments. Respondent hereby admits service of the petition.

4. Respondent waives his right to answer and unconditionally admits the allegations of the petition which may be summarized as follows:

a. Respondent did not file his Minnesota or United States individual tax returns for the years 1979, 1980, 1981 and 1982, until August 3, 1984.

b. Respondent's conduct violated Disciplinary Rule 1–102(A)(6), Minnesota Code of Professional Responsibility.

5. Respondent understands that based upon these admissions, this court may impose any of the sanctions set forth in Rule 15(a)(1)–(6), RLPR, including making any disposition it deems appropriate. Respondent understands that by entering into this stipulation, the Director is not making any representations as to the sanction the court will impose.

6. In explanation and mitigation of the above admissions, and for the understanding of the court, respondent states that:

a. All returns have been filed and all amounts due from respondent have been paid.

b. Half of the above returns, when filed, showed refunds due, and half showed tax due. The excess of tax due from all returns over refunds due from all returns, without regard to interest or penalties, was approximately $2,000.

c. No criminal conviction resulted from respondent's failure to file his

tax returns, and there are no currently-pending criminal proceedings.

d. Respondent is employed full-time as a law professor, and practices privately only to a limited extent. His private practice is largely confined to advising and representing Russian and Ukranian immigrants, and no other Minnesota attorney in private practice speaks these languages fluently.

e. Respondent believes that his tax delinquencies were in part related to his involvement in too many activities and to a habit of procrastination; respondent has taken steps to deal with both these problems.

f. Respondent has been involved in numerous bar association, immigration, community service and human rights activities and organizations and has never had a professional responsibility complaint filed against him.

7. The Director and respondent join in recommending that the appropriate discipline is a public reprimand and two years probation pursuant to Rule 15, RLPR. Respondent agrees to the imposition and payment of $500 in costs pursuant to Rule 24(a), RLPR.

8. The terms of respondent's recommended probation are:

a. Respondent shall timely file all state and federal tax returns and pay the taxes thereon as they become due. Respondent shall affirmatively report, on or before the tax filing due date of each year during which this probation is in effect, his compliance with said filing and payment requirements. Upon the Director's request, respondent shall provide the Director with tax authorizations necessary for the Director to obtain verification from state and federal authorities that said tax returns have been filed and the taxes due thereon have been paid in full.

b. Respondent shall engage a certified public accountant to assist him with his tax returns during the period of his probation.

9. This stipulation is entered into by respondent freely and voluntarily, without any coercion, duress or representations by any person except as contained herein.

10. Respondent hereby acknowledges receipt of a copy of this stipulation.

11. Respondent has been advised by the undersigned counsel concerning this stipulation and these proceedings generally.

Based upon the records, files and proceedings herein, and the stipulation of the parties, IT IS HEREBY ORDERED:

1. That the respondent Walter Anastas is hereby publicly reprimanded and placed on probation for two years pursuant to Rule 15, Minn.R.Law.Prof.Resp.

2. That respondent is further ordered to pay $500 in costs to the Lawyers Professional Responsibility Board pursuant to Rule 24(a), Minn.R.Law.Prof.Resp.

3. The following terms shall be applicable during the entire course of respondent's probation:

a. Respondent shall timely file all state and federal tax returns and pay the taxes thereon as they become due. Respondent shall affirmatively report, on or before the tax filing due date of each year during which this probation is in effect, his compliance with said filing and payment requirements. Upon the Director's request, respondent shall provide the Director with tax authorizations necessary for the Director to obtain verification from state and federal authorities that said tax returns have been filed and the taxes due thereon have been paid in full.

b. Respondent shall engage a certified public accountant to assist him with his tax returns during the period of his probation.