**The PEOPLE of the State of Colorado, Complainant,**

v.

**Allan David ABELMAN, Attorney–Respondent.**

**No. 90SA452.**

Supreme Court of Colorado, En Banc.

Jan. 28, 1991.

860

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

Jeffrey A. Springer, Denver, for attorney-respondent.

PER CURIAM.

The respondent in this attorney discipline case pleaded guilty to one count of use of a communication facility in violation of 21 U.S.C. § 843(b) (1988), a felony, and one count of simple possession of cocaine, a misdemeanor, contrary to 21 U.S.C. § 844 (1982 & Supp. V 1987). A hearing panel of the Supreme Court Grievance Committee approved the recommendation of the hearing board that the respondent be suspended from the practice of law for three years, but that the suspension have an effective date of October 5, 1987, the date of the respondent's prior suspension.

Because of the seriousness of the offenses, we reject the hearing panel's rec-ommendation that the suspension be retroactive. Given the delay in the present disciplinary proceedings, however, and taking into account the fact that the respondent was suspended on October 5, 1987 for six months for another drug-related offense and has not yet sought reinstatement, *see* *People v. Abelman*, 744 P.2d 486 (Colo. 1987), we order that the respondent be suspended for two years from the date of the announcement of this opinion, and that he be assessed the costs of these proceedings.

I

The respondent was admitted to the bar of this court on May 17, 1976, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b).

The disciplinary counsel and the respondent entered into a stipulation of facts and admission of misconduct. The stipulation and admission was not, however, conditional on a stipulated form of discipline, *cf.* C.R.C.P. 241.18. The hearing board also heard testimony from a number of witnesses including the respondent, and received evidence tendered by the respondent in the form of exhibits, all in the nature of evidence in mitigation. The hearing board found that the following facts were established by clear and convincing evidence.

On April 11, 1986, the respondent purchased three ounces of cocaine. The purchase was arranged over the telephone. The hearing board found that there was no evidence that the respondent ever engaged in the sale of illegal drugs. After being charged by federal authorities with possession of cocaine, the respondent entered into a plea agreement with the United States Attorney's Office. Pursuant to the agreement, the respondent pleaded guilty in federal district court to: (1) use of a communication facility in violation of 21 U.S.C. § 843(b) (1988), a felony; and (2) simple possession of cocaine, a misdemeanor, contrary to 21 U.S.C. § 844 (1982 & Supp. V 1987).

The respondent was sentenced to a two-year term of imprisonment, commencing July 27, 1988. The respondent served ten months in confinement and was released to a federal halfway house on May 24, 1989. The last two months of the respondent's sentence was served while living at home under parole curfew restrictions.

Evidence taken at the hearing indicated that the respondent began using cocaine in the early 1980s, and that by 1986 he was profoundly addicted to the drug. The respondent was first arrested for illegal use of cocaine in August 1985, and in July 1986, he pleaded guilty to the unlawful use of a controlled substance in violation of section 18–18–104(1)(a), 8B C.R.S. (1986), a class 5 felony.[1] *Abelman*, 744 P.2d at 486, 487. Based on the misconduct arising from the state charges, we suspended the respondent for six months effective October 5, 1987, with the requirement, among other conditions, that he seek reinstatement by petition pursuant to C.R.C.P. 241.22(c). 744 P.2d at 488–89.

Before the respondent pleaded guilty in state court, and before this court's original order of suspension, the respondent was arrested on the federal drug charges which are the subject of this proceeding. A clinical psychologist who treated the respondent for drug abuse testified that the respondent would engage in binges of cocaine use, and that the last such binge occurred on April 11, 1986, when the respondent purchased the three ounces of cocaine that led to the federal charges.

The respondent has participated in drug treatment programs before, during, and after his federal imprisonment. The hearing board found that the respondent has abstained from the use of illegal drugs since the date he was voluntarily hospitalized for treatment of his addiction on April 21, 1986.

1. Under the provisions of § 18–18–104(3), 8B C.R.S. (1986), the court declared the respondent a person in need of treatment and ordered him to submit a satisfactory treatment plan to the court. The state criminal case against the respondent was dismissed on August 6, 1987, after

## II

■ The hearing board concluded, and we agree, that the respondent's conduct violated DR 1–102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude); DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law). In addition, the respondent violated C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline); C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline); and C.R.C.P. 241.16 (conviction of a serious crime).

Finally, by virtue of the foregoing, the respondent also violated C.R.C.P. 241.6(1) (any act or omission violating the provisions of the Code of Professional Responsibility is grounds for attorney discipline); C.R.C.P. 241.6(2) (any act or omission violating accepted rules or standards of legal ethics constitutes grounds for discipline); and DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule).

## III

■ The commission of serious offenses involving the possession and use of illegal drugs warrants a substantial sanction. *People v. Davis*, 768 P.2d 1227, 1229–30 (Colo.1989). Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that adversely reflects on the lawyer's fitness to practice." *ABA Standards* 5.12.[2]

the respondent's successful completion of treatment. *See id.*

2. *ABA Standards* 5.11 calls for ·disbarment when:

In aggravation, we find that the respondent: (1) engaged in a pattern of misconduct, *ABA Standards* 9.22(c); (2) committed multiple offenses, *ABA Standards* 9.22(d); and (3) has substantial experience in the practice of law, *ABA Standards* 9.22(i).[3]

The hearing board found the following factors in mitigation: (1) absence of prior discipline, *ABA Standards* 9.32(a)—see footnote 3 above; (2) absence of a dishonest or selfish motive, *ABA Standards* 9.32(b); (3) personal or emotional problems, *ABA Standards* 9.32(c); (4) timely good faith effort to rectify the consequences of misconduct, *ABA Standards* 9.32(d); (5) full and free disclosure to the grievance committee and a cooperative attitude toward the proceedings, *ABA Standards* 9.32(e); (6) good character and reputation, *ABA Standards* 9.32(g); (7) prior physical or mental disability or impairment, *ABA Standards* 9.32(h); (8) delay in disciplinary proceedings, *ABA Standards* 9.32(i); (9) interim rehabilitation, *ABA Standards* 9.32(j); (10) imposition of other penalties or sanctions, *ABA Standards* 9.32(k); (11) remorse, *ABA Standards* 9.32(*l*); and (12) remoteness of prior offenses, *ABA Standards* 9.32(m).

■ The hearing panel adopted the hearing board's recommendation that the respondent be suspended for three years, but that the suspension be retroactive to the date of the previous suspension, October 5, 1987. The recommendation of the grievance committee concerning discipline is advisory only, however, and this court must independently determine the appropriate level of discipline. *Davis,* 768 P.2d at 1229; C.R.C.P. 241.15(c).

Under C.R.C.P. 241.21(a), orders imposing disbarment or suspension are effective thirty days after the date of the entry of the order or at such other time as this court may direct. We have not previously determined what circumstances, if any, would justify the retroactive imposition of suspension or disbarment in the absence of an order imposing immediate suspension during the pendency of the disciplinary proceedings, *see* C.R.C.P. 241.8.

The New Jersey Supreme Court has discussed several factors which counsel for or against the imposition of retroactive discipline: whether the conduct is part of a continuing pattern or whether there is only a single instance of misconduct; whether there is a significantly attenuated relationship between the misconduct and the practice of law; and whether the passage of time mitigates the severity of the discipline required. *In re Silverman,* 113 N.J. 193, 225–28, 549 A.2d 1225, 1245–46 (1988); *see also In re Kotok,* 108 N.J. 314, 330, 528 A.2d 1307, 1315 (1987) (discussing propriety of retroactive discipline). The last factor—the remoteness of the misconduct—has two facets. The first is whether the passage of time itself has accomplished rehabilitation of the lawyer. *Silverman,* 113 N.J. at 227–28, 549 A.2d at 1246. The second is whether the transgressions are so remote in time that intervening developments and current circumstances dilute the public interest in proper and prompt discipline. *Id.*

(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; *or the sale, distribution or importation of controlled substances*; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

(Emphasis added.) The hearing board found no evidence that the respondent ever sold illegal drugs. Disbarment is appropriate when an at-torney sells, distributes, or imports illegal drugs. *See, e.g., People v. Harfmann,* 638 P.2d 745 (Colo.1981) (attorney disbarred for sale and introduction of illegal drugs in county jail); *People v. Unruh,* 621 P.2d 948 (Colo.1980) (deputy district attorney's use of illegal drugs and narcotics and conspiring to import narcotics into the United States warrants disbarment).

3. The hearing board did not consider the respondent's prior suspension a prior disciplinary offense for purposes of aggravation, *ABA Standards* 9.22(a). The misconduct in this case occurred before the imposition of the six-month suspension, and the acts complained of were part of a pattern of misconduct that terminated before the previous suspension.

We are mindful that the primary purpose of attorney discipline is the protection of the public, *People v. Grenemyer*, 745 P.2d 1027, 1029 (Colo.1987), not to mete out punishment to the offending lawyer. As officers of the court, however, lawyers are charged with obedience to the law, and intentional violation of those laws subjects an attorney to the severest discipline. *Id.* We note that, even after his arrest on state drug charges in August 1985, the respondent continued to use cocaine, resulting in his second arrest on federal drug charges. Only after this second arrest did the respondent voluntarily commit himself for treatment of his addiction.

It is now less than five years since the federal charges were brought, and two and one-half years since the respondent began serving his prison sentence. Because of the multiple instances of misconduct, and because the ethical violations are not so remote in time to compel a different result, *see In re Leahey*, 118 N.J. 578, 582, 573 A.2d 155, 157 (1990) (rejecting retroactive suspension and distinguishing *Kotok* where misconduct occurred five years before criminal conviction and six years before suspension imposed), we conclude that retroactive discipline is not appropriate here.

We do consider the delay in the proceedings, the previous suspension, and the respondent's efforts toward rehabilitation to be mitigating factors. Accordingly, we reject the hearing panel's recommendation for a three-year suspension, and order that the respondent be suspended for two years from the date of this opinion.

## IV

It is hereby ordered that Allan David Abelman be suspended from the practice of law for two years, effective immediately upon the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that Abelman pay the costs of this proceeding in the amount of $212.85 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202. Abelman shall not be reinstated until after he has complied with C.R.C.P. 241.22(c) & (d).