The PEOPLE of the State of Colorado, Complainant,

v.

Lawrence David RHODES, Attorney–Respondent.

No. 92SA51.

Supreme Court of Colorado, En Banc.

May 11, 1992.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Elvin L. Gentry, Colorado Springs, for attorney-respondent.

PER CURIAM.

The respondent in this attorney discipline proceeding, Lawrence David Rhodes entered a guilty plea in the El Paso County District Court to one count of distribution of a controlled substance (cocaine), in violation of section 12–22–310, 5A C.R.S. (1991), and section 18–18–105, 8B C.R.S. (1986 & 1990 Supp.), a class three felony. Pursuant to a plea agreement, the respondent was granted eight years' probation, conditioned upon his successful completion of ninety days in jail, 200 hours of community service, and participation in drug rehabilitation programs.

The assistant disciplinary counsel and the respondent subsequently entered into a stipulation, agreement, and conditional admission of misconduct, pursuant to which the respondent agreed to a range of discipline from a two-year suspension to disbarment. C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee recommended that the respondent be suspended for two years. We accept the stipulation, agreement, and conditional admission of misconduct, but conclude that suspension for a period of three years constitutes a more appropriate sanction.

I

The respondent was admitted to the bar of this court on May 17, 1976, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The stipulation recited that the respondent's felony conviction for distribution of cocaine arose when the respondent's estranged wife came to him and asked him if he would purchase cocaine for her best friend. The respondent purchased cocaine for the friend on five separate occasions between October 3 and October 11, 1990, in amounts ranging from one-eighth to three-eighths of an ounce.

The respondent's estranged wife was acting as an informant for the Colorado Springs Police Department, and her "best friend" was in fact an undercover police officer. The respondent did not keep cocaine at his residence, although he admitted to prior cocaine use. On each of the five occasions, he contacted a supplier, purchased the drug, and then delivered the drug to the undercover officer.

■ Distribution of cocaine is a "serious crime" as defined by C.R.C.P. 241.16(e). The respondent has admitted that his conduct violated DR 1–102(A)(6) (engaging in conduct that adversely reflects on a lawyer's fitness to practice law), and C.R.C.P. 241.6(1)–(3), (5). Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (ABA *Standards*), in the absence of aggravating or mitigating factors, disbarment is generally warranted when "a lawyer engages in serious criminal conduct, [such as] ... the sale, distribution, or importation of controlled substances...." ABA *Standards* 5.11(a).

We have recognized, however, that the presence of mitigating circumstances can serve to reduce the severity of the sanction ultimately imposed. *People v. Larsen*, 808 P.2d 1265 (Colo.1991); *People v. Abelman*, 804 P.2d 859, 862 n. 2 (Colo.1991) (while disbarment is appropriate when an attorney sells, distributes, or imports illegal drugs, suspension is appropriate under all the circumstances). In *Larsen*, the respondent, an elected district attorney, received a three-year suspension for purchasing less than one-half ounce of marihuana to deliver to his wife. In *Abelman*, the attorney-respondent purchased three ounces of cocaine; was subsequently convicted of possession of cocaine and use of a communication facility, in violation of 21 U.S.C. § 843(b) (1988); and received a two-year suspension rather than the three-year suspension recommended by the hearing panel because of delay in the proceedings, the existence of a previous order of suspension which was still in effect, and the respondent's efforts toward rehabilitation. *Abelman*, 804 P.2d at 863.

■ In this case, the record establishes several factors in mitigation. The respondent has no record of prior discipline, ABA *Standards*, 9.32(a). There is an absence of any selfish or dishonest motive, *id.* at 9.32(b). At the time of the misconduct, the respondent was experiencing personal and emotional problems, *id.* at 9.32(c). The respondent has made full disclosure and has cooperated with the grievance committee and office of disciplinary counsel in these proceedings, *id.* at 9.32(e). Finally, the respondent has successfully participated in interim rehabilitation programs, *id.* at 9.32(j).

After weighing these mitigating factors against the seriousness of the respondent's misconduct, we conclude, as did the inquiry panel, that imposition of a suspension constitutes an appropriate sanction in this case. However, unlike the circumstances present in *Abelman*, there has been no undue delay in these disciplinary proceedings and the respondent is not presently under an order of suspension. In view of all of the circumstances, we conclude that a three-year suspension should be imposed.

## II

Accordingly, it is hereby ordered that the respondent, Lawrence David Rhodes, be suspended from the practice of law for three years, effective thirty days after the date of this opinion. It is further ordered that Rhodes must comply with C.R.C.P. 241.22(b)–(d) before he may be reinstated, and that he pay the costs of this proceeding, in the amount of $108.67, within thirty days of the date of this opinion to the Supreme Court Grievance Committee, Dominion Plaza, Suite 500–S, 600—17th Street, Denver, Colorado 80202–5435.