**The PEOPLE of the State of Colorado, Complainant,**

v.

**Linwood Tyrone HOLT, Attorney–Respondent.**

**No. 91SA425.**

Supreme Court of Colorado, En Banc.

July 20, 1992.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Alex Stephen Keller, Denver, for respondent.

PER CURIAM.

■ In this attorney disciplinary proceeding, a majority[1] of a hearing panel of Supreme Court Grievance Committee approved the findings of the hearing board but, because of the seriousness of the misconduct, modified the recommendation for discipline to suspension for one year and one day. After considering the gravity of the misconduct, but also taking into account significant factors in mitigation, we accept the recommendation of the hearing panel, suspend the respondent for one year and one day, and order that he pay the costs of the proceeding.

I

The respondent was admitted to the bar of this court on October 16, 1974, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). Prior to the hearing, the respondent and the assistant disciplinary counsel entered into an unconditional stipulation of facts which was admitted into evidence. Based on the stipulation, testimony by the respondent and witnesses at the hearing, and exhibits introduced by both parties, the hearing board found that the following facts were established by clear and convincing evidence:

1. The respondent willfully and knowingly failed to file personal state and federal income tax returns for the years 1980 through 1987. Although the exact sum has not been ascertained, the Internal Revenue Service claims that the respondent owes in excess of $1,000,000 in unpaid federal taxes, penalties, fees, and interest. The respondent, in documents filed in other court proceedings, has estimated that the amount owed exceeds $200,000. The respondent's failure to file federal income tax returns for the eight years in question violates 26 U.S.C. § 7203 (1988). A violation of § 7203 is a misdemeanor under federal law.

2. In 1988, as the sole shareholder of the professional corporation operating his law practice, the respondent willfully failed to pay withholding taxes for federal income taxes and FICA in the amount of approximately $70,000. The respondent also failed to pay state withholding taxes. This conduct violated the laws of the United States of America and the State of Colorado. The assistant disciplinary counsel contends that the respondent's willful failure to pay over the federal taxes withheld violated 26 U.S.C. § 7202 (1988), and is a felony under federal law.

3. The respondent used cocaine from approximately 1981 to November 1988, and used marihuana for a period of fifteen years, up to November 1988. The respondent's use of cocaine violated section 18–18–104, 8B C.R.S. (1986), a class 5 felony. Unlawful use of marihuana is a class 2 petty offense. § 18–18–106, 8B C.R.S. (1986). The respondent terminated his use of illegal drugs in November 1988.

"When approved by the hearing panel, the board's factual findings are binding on this court unless, after considering the record as a whole, the findings are unsupported by substantial evidence." *People v. Bennett,* 810 P.2d 661, 665 (Colo.1991). We conclude that the hearing board's findings are fully supported by the record. Moreover, we agree with the board's determinations that the respondent's conduct violated federal and state criminal laws, con-

---

1. In his exceptions to the action of the hearing panel, the respondent argues that a "unique problem" of procedure makes it appropriate for us to remand this proceeding to the hearing panel for another vote on the hearing board's report. At the bottom of the respondent's contention is the assumption that the chairman of the grievance committee, as an ex officio member of both panels of the grievance committee, C.R.C.P. 241.2(c), does not have the authority to vote as do the other members of the panel. This assumption is erroneous.

"Ex officio" means "[f]rom office; by virtue of the office; without any other warrant or appointment than that resulting from the holding of a particular office." Black's Law Dictionary 516 (5th ed. 1979). Unless explicitly restricted by rule or statute, an ex officio member of a board or panel is vested with the same power and authority as other members of the board or panel, including the power to vote. *Barber Pure Milk Co. v. Alabama State Milk Control Bd.,* 275 Ala. 489, 156 So.2d 351, 357–58 (1963); *State ex rel. Aurora Co. v. Circuit Court,* 268 N.W.2d 607, 609 (S.D.1978).

trary to C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline); C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline); and DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law).

## II

■ The hearing board recommended that the respondent be suspended from the practice of law for six months and be assessed costs. The assistant disciplinary counsel objected to a six-month suspension as too lenient. The hearing panel modified the recommendation to a suspension for one year and one day. The respondent has excepted to the panel's action, contending that the period of suspension recommended is too long given the fact that the respondent has not actually been convicted of any of the offenses set out in the board's findings, and given the factors in mitigation which are substantial.

Initially, under the circumstances of this case, we give little weight to the fact that the respondent has not been charged with or convicted of the criminal offenses enumerated above. *People v. Morley,* 725 P.2d 510, 514 (Colo.1986); C.R.C.P. 241.6(5).

"The commission of serious offenses involving the possession and use of illegal drugs warrants a substantial sanction." *People v. Abelman,* 804 P.2d 859, 861 (Colo.1991). Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (ABA *Standards* ), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." ABA *Standards* 5.12. In *Abelman,* the attorney was convicted of

the use of a communication facility in arranging a cocaine purchase, a felony, and possession of cocaine, a misdemeanor. The hearing panel in *Abelman* recommended a three-year suspension, but we imposed a two-year suspension because of the delay in the proceedings and the fact that the respondent was under a previous order of suspension.

The conduct of the respondent in this case is more egregious than the conduct in *Abelman* because of the additional violations involving federal and state tax laws. In aggravation, the hearing board found: (1) a dishonest or selfish motive on the respondent's part in failing to file personal income tax returns, ABA *Standards* 9.22(b); (2) a pattern of misconduct, *id.* at 9.22(c); (3) multiple offenses, *id.* at 9.22(d); and (4) substantial experience in the practice of law, *id.* at 9.22(i). We determine that the board's findings of aggravating factors are supported by the record.

■ The hearing board also concluded that substantial factors in mitigation existed: (1) the absence of a disciplinary record, *id.* at 9.32(a); (2) the absence of a dishonest or selfish motive in the respondent's use of illegal drugs and in failing to pay over the withholding taxes, *id.* at 9.32(b); (3) the existence of personal or emotional problems, *id.* at 9.32(c); (4) a good faith effort to rectify the consequences of misconduct, *id.* at 9.32(d); (5) full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, *id.* at 9.32(e); (6) good character and reputation in the legal profession and the community at large, *id.* at 9.32(g); (7) interim rehabilitation by refraining from using illegal drugs and participating in drug testing, and undertaking therapy, *id.* at 9.32(j); (8) remorse, *id.* at 9.32(*l* ); (9) remoteness of the offenses in that almost three years have passed since the misconduct last occurred; and (10) the respondent's conduct did not cause actual harm to any of his clients.[2]

---

**2.** The respondent contends that our analysis of discipline should include the recent amendment of subsection (i) of ABA *Standards* 9.32, pertain-

ing to the consideration of mental disability or chemical dependency as a mitigating factor. ABA *Standards* 9.32(i) (Supp.1992); *see People*

We agree that the circumstances in mitigation are substantial, and but for these factors a three-year suspension would be appropriate. The fact that no specific client of the respondent was actually harmed by the respondent's misconduct misses the point, however. As we said in *Abelman:*

> We are mindful that the primary purpose of attorney discipline is the protection of the public, *People v. Grenemyer,* 745 P.2d 1027, 1029 (Colo.1987), not to mete out punishment to the offending lawyer. As officers of the court, however, lawyers are charged with obedience to the law, and intentional violation of those laws subjects an attorney to the severest discipline.

*Abelman,* 804 P.2d at 863. We therefore conclude that suspension for one year and one day, as recommended by the hearing panel, is warranted.

### III

Accordingly, it is ordered that Linwood Tyrone Holt be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). Holt shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d). It is further ordered that Holt pay the costs of this proceeding in the amount of $1,375.41 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

MULLARKEY, J., does not participate.

*v. Driscoll,* 830 P.2d 1019, 1022 n. 3 (Colo.1992). This amendment was adopted after the action of the hearing board and panel in this proceeding, and thus was not considered below. Because the respondent's use of illegal drugs did not cause the criminal misconduct involving the violation of federal and state tax laws, and the respondent testified that he was not addicted to the illegal drugs, we find the amended standard inapplicable.