The PEOPLE of the State of
Colorado, Complainant,

v.

John Dale STAUFFER, Jr.,
Attorney–Respondent.

Nos. 91SA410, 92SA431.

Supreme Court of Colorado,
En Banc.

Sept. 7, 1993.

---

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

John Dale Stauffer, Jr., pro se.

PER CURIAM.

In No. 91SA410, a hearing panel of the Supreme Court Grievance Committee approved the recommendation of a hearing board that the respondent in this attorney discipline proceeding be suspended from the practice of law for thirty months, be required to undergo a psychiatric examination as a condition of reinstatement, and be assessed costs. The assistant disciplinary counsel did not except to the recommendation. The respondent did not dispute the appropriateness of a suspension, but he asserted that any order of suspension should be made retroactive to August 11, 1988, the date on which he was immediately suspended from the practice of law because of his conviction of a serious crime. C.R.C.P. 241.16(d).

In No. 92SA431, the same hearing panel approved the findings and recommendation of a second hearing board that the respondent be disbarred for practicing law while under the order of immediate suspension. For the purpose of issuing one opinion and order we have consolidated the two proceedings. We accept the findings and rec-

ommendations of the hearing panel in both cases and we order that the respondent be disbarred and be assessed the costs of the proceedings.

## I

The respondent was admitted to the bar of this court on October 17, 1980, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

## II

The hearing board in No. 91SA410 consolidated two separate formal complaints that had been filed against the respondent. After listening to the testimony of the complainant's witnesses and witnesses for the respondent, including the respondent's own testimony, and considering the exhibits introduced by both sides, the hearing board found that the following facts were established by clear and convincing evidence.

## A

### Complaint GC 88B–41

On August 31, 1987, a Fort Collins police officer observed a vehicle parked on the shoulder of northbound I–25. The door on the driver's side was standing open and impeding traffic. The respondent was on the median and when the officer asked him if everything was all right, the respondent ran away from the officer and across the highway. After radioing for assistance, the officer approached the vehicle. He observed one handgun in a holster and a second empty holster on the front seat of the automobile. Two witnesses told the officer that they had earlier seen an individual standing on the median with a weapon. One witness stated that the respondent had dropped or thrown the handgun in the median.

The respondent was arrested. A search of the vehicle, which was registered in the respondent's wife's name, revealed two additional handguns, a total of approximately twenty-two grams of cocaine, and cocaine-related paraphernalia. The officers also found airline tickets under various aliases in the automobile.

On March 14, 1988, after a jury trial, the respondent was convicted of possession of cocaine in violation of section 18–18–105, 8B C.R.S. (1986), a class 3 felony. The jury rejected the respondent's claim that his wife was solely responsible for the cocaine and the paraphernalia. On May 11, 1988, the respondent was sentenced to six years imprisonment in the Department of Corrections, fined $25,000, and ordered to pay additional surcharges to the Victim's Assistance Fund and the Victim's Compensation Fund. The respondent's conviction was subsequently affirmed by the court of appeals and the respondent's petition for certiorari was denied. *Stauffer v. People*, No. 88CA0795 (Colo.App. Nov. 27, 1992), *cert. denied*, No. 93SC102 (Colo. July 12, 1993).

As the hearing board concluded, the respondent's conduct violated DR 1–102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), *see People v. Abelman*, 804 P.2d 859, 861 (Colo.1991) (*Abelman II*) (possession of cocaine by attorney violates DR 1–102(A)(3)); DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law); as well as C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline); and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline). The respondent also failed to report his criminal conviction as required by C.R.C.P. 241.16(b).

## B

### Complaint GC 88B–48

In 1985, the respondent hired Fred King as a fire expert to testify in a personal injury case. King understood that the respondent's client was indigent and that the respondent would be personally liable for King's bill. King traveled to Wyoming where the case was tried in federal district court. After the trial, King sent his bill to

the respondent. The respondent failed to pay the bill, and failed to reply to King's calls and letters. King filed an action to recover the unpaid expert fee and recovered a judgment against the respondent in the amount of $1,962.37. The respondent has paid only $95 on the judgment and did not answer the C.R.C.P. 69 interrogatories sent to him. The respondent's conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and DR 1–102(A)(6).

### III

■ The hearing panel approved the hearing board's recommendation that the respondent be suspended from the practice of law for thirty months. The commission of serious offenses involving the possession of illegal drugs warrants a substantial sanction. *People v. Davis*, 768 P.2d 1227, 1229–30 (Colo.1989). The criminal conduct in this case is even more serious than in other attorney discipline cases involving the use of cocaine,[1] because the respondent was convicted of possession of cocaine, a class 3 felony, rather than the use of cocaine, which under section 18–18–404, 8B C.R.S. (1992 Supp.) is a class 5 felony. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." ABA *Standards* 5.12.[2]

There are a number of aggravating factors present. The respondent has a history of prior discipline, *id.* at 9.22(a). In 1982, the respondent received a letter of admonition, and in 1987, he was publicly censured for failing to pay an expert witness, misconduct similar to that contained in the second complaint in this proceeding. *People v. Stauffer*, 745 P.2d 240 (Colo.1987). Moreover, the board found that the respondent has refused to acknowledge any wrongful conduct on his part, ABA *Standards*, 9.22(g); that he has substantial experience in the practice of law, *id.* at 9.22(i); and that the respondent's actions express an indifference to the legal process and to his legal obligations. The board found only two factors in mitigation, the existence of personal and emotional problems, *id.* at 9.32(c), and delay in the disciplinary proceedings, *id.* at 9.32(j).[3]

---

**1.** *See, e.g., People v. Holt*, 832 P.2d 948 (Colo. 1992) (attorney admitted to use of cocaine); *People v. Richtsmeier*, 802 P.2d 471 (Colo.1990) (admitted addiction to and abuse of cocaine); *People v. Smith*, 778 P.2d 685 (Colo.1989) (illegal purchase and use of cocaine); *People v. Geller*, 753 P.2d 235 (Colo.1988) (conviction of use of cocaine); *People v. Abelman*, 744 P.2d 486 (Colo.1987) (*Abelman I*) (attorney convicted of use of cocaine); *People v. Driscoll*, 716 P.2d 1086 (Colo.1986) (use of cocaine); *People v. Simon*, 698 P.2d 228 (Colo.1985) (conviction for use of cocaine).

**2.** As we noted in *Abelman II*, 804 P.2d at 861 n. 2, ABA *Standards* 5.11 calls for disbarment when:

> (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; *or the sale, distribution or importation of controlled substances;* or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or
> (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

(Emphasis added.) The hearing board in this case did not find that the respondent sold illegal drugs. "Disbarment is appropriate when an attorney sells, distributes, or imports illegal drugs." *Abelman II*, 804 P.2d at 861 n. 2.

**3.** The respondent asserts that the hearing board erred when it failed to find the existence of the following four additional factors in mitigation: (1) interim rehabilitation; (2) delay in disciplinary proceedings; (3) the absence of a dishonest or selfish motive; and (4) a cooperative attitude on the part of the respondent toward the proceedings. After our own examination of the record, we conclude that there is insufficient evidence of interim rehabilitation, and that the record in fact suggests the absence of rehabilitation; that the hearing board took appropriate account of the delay in the proceedings; and that the hearing board properly declined to find the existence of the last two factors.

The respondent contends that any period of suspension should be retroactive to the date of his immediate suspension on August 11, 1988. In *Abelman II,* 804 P.2d at 862–63, we discussed what circumstances, if any, would justify the retroactive imposition of suspension or disbarment in the absence of an order imposing immediate suspension during the pendency of the disciplinary proceedings. We find retroactive discipline inappropriate, however, because of the findings of the hearing board in No. 92SA431.[4] *See* Part V, *infra.*

## IV

### A

Pursuant to a motion for sanctions filed by the assistant disciplinary counsel based on the respondent's unjustified failure to comply with discovery, including, among other things, the respondent's unexcused failure to attend his own scheduled deposition, the respondent's answer to the formal complaint in No. 92SA431 was stricken and a default was entered. *See* C.R.C.P. 37(d); 241.13(b); *People v. Proffitt,* 854 P.2d 787, 787 (Colo.1993); *People v. Ross,* 810 P.2d 659, 659 (Colo.1991).

The order of default was filed on May 7, 1992. The presiding officer of the hearing board found, by clear and convincing evidence, as alleged in the assistant disciplinary counsel's motion for sanctions, that the respondent had not filed a disclosure certificate as required by the board; that he had not attended his deposition as scheduled by the complainant; that the respondent had not shown good cause for the entry of any protective order barring or otherwise delaying the said deposition; that the respondent had not disclosed the names of witnesses or identified exhibits that he intended to offer into evidence as required; and that the respondent "has shown a willful failure to appear in this proceeding...." Moreover, the presiding officer determined that all of the above actions taken by the

respondent were without good cause and that the respondent had not filed any pleading containing sufficient grounds to justify his actions.

The respondent has excepted in this court to the entry of the default. He alleges that his due process rights were violated, that it was inappropriate for the presiding officer to enter a default against him as a sanction, and that if the case had been decided "on the merits" the assistant disciplinary counsel could not have met the clear and convincing burden of proof.

▪ The respondent's due process arguments are without merit. The hearing board need not issue an order compelling the respondent to attend his own deposition before sanctions may be imposed for nonattendance. C.R.C.P. 37(d). Further, the assistant disciplinary counsel's motion for sanctions was filed on April 17, 1992. The respondent had ample opportunity to respond to this motion prior to the May 7, 1992 order of default, but he failed to do so.

▪ Moreover, we conclude that the presiding officer did not abuse his discretion in entering the order of default. *See Kwik Way Stores, Inc. v. Caldwell,* 745 P.2d 672, 677 (Colo.1987). The presiding officer's factual determinations are not clearly erroneous, and the findings of willfulness and the complete absence of good cause for the respondent's failure to comply with discovery justify the imposition of a default. *Id.* The allegations of fact in the complaint were therefore deemed admitted. *Ross,* 810 P.2d at 659; *People v. Crimaldi,* 804 P.2d 863, 864 (Colo.1991). Based on the respondent's default, and evidence tendered by the assistant disciplinary counsel, the hearing board found that the following allegations and charges of misconduct were established by clear and convincing evidence.

---

4. The respondent also asserts that the record surrounding the disability proceedings that were dismissed does not support the board's recommendation that, as a condition of reinstatement, he be required to undergo a psychiatric evaluation and demonstrate his mental stability to practice law. Because we ultimately order that the respondent be disbarred, we do not reach this question.

## B

On or about April 1, 1990, the respondent began residing with Tom and Debbie Wayne. He told the Waynes that he was an attorney and a certified public accountant. As stated above, however, the respondent had been suspended from the practice of law on August ·11, 1988, because of his conviction of a serious crime, and he had not been reinstated. Nevertheless, the respondent provided legal and tax advice to the Waynes in exchange for rent and related expenses.

From February through June 1990, the respondent prepared complaints and motions which were typed by the Waynes in connection with Debbie Wayne's dissolution of marriage proceeding and with several civil matters involving Tom Wayne. The respondent reviewed the drafts of the pleadings and made corrections. The Waynes then filed the documents in the respective proceedings. From February through April 1990, the Waynes paid the respondent a total of $650 for legal services rendered. In May and June 1990, the respondent submitted billing statements for his legal service fees to the Waynes showing offsets against rental expenses owed to the Waynes.

During the ˙time that the respondent resided with the Waynes, they introduced him to Michael Bilshausen and Leanna Baughman. The respondent told them that he was an attorney and he agreed to assist them with respect to their legal matters. He met with each of them to discuss their legal needs.

In reliance on the respondent's representations, Bilshausen performed approximately $300 of mechanical work on the respondent's car to be offset against future legal services. In exchange for the mechanical work, the respondent drafted an agreement to protect·Bilshausen's business interests.

The respondent also agreed to assist Baughman with certain post-decree matters. Baughman gave the respondent copies of her dissolution of marriage decree and child support orders. The respondent thereafter failed to return these legal documents.

The hearing board concluded that the respondent made misrepresentations to the Waynes, to Bilshausen, and to Baughman that he was an attorney and certified public accountant. The respondent also provided legal and tax advice to the Waynes and Bilshausen, prepared legal documents on behalf of the Waynes and Bilshausen, and failed to return Baughman's legal documents.

As the hearing board determined, the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 3–101(B) (a lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive).

## V

■ The hearing board recommended that the respondent be disbarred and the hearing panel approved that recommendation. We have said that a lawyer's continued practice of law while under an order of suspension, with no efforts to wind up the legal practice and no efforts to protect the legal interests of the lawyer's clients, warrants disbarment. *People v. Wilson,* 832 P.2d 943, 945 (Colo.1992); *People v. James,* 731 P.2d 698, 700 (Colo.1987). Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp. 1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, "[d]isbarment is generally appropriate when a lawyer ... intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession." ABA *Standards* 8.1(a).

In aggravation, the board found that the respondent had a history of prior discipline, *id.* at 9.22(a); that he had a dishonest or selfish motive, *id.* at 9.22(b); that there was a pattern of misconduct, *id.* at 9.22(c); that there were multiple offenses, *id.* at 9.22(d); that the respondent engaged in a bad faith obstruction of the disciplinary process by intentionally failing to comply with the rules or orders of the grievance committee, *id.* at 9.22(e); that the respondent refused to acknowledge any wrongful conduct on his part, *id.* at 9.22(g); and that he had substantial experience in the practice of law, *id.* at 9.22(i). The board concluded that there were no mitigating circumstances.

■ The respondent has committed multiple serious acts of professional misconduct and has been convicted of a serious offense. His continued practice of law while suspended demonstrates that he will not comply with an order of suspension and that he is unfit to remain a member of the bar of this state. We therefore accept the hearing panel's recommendation in No. 92SA431 and order that the respondent be disbarred. Moreover, because the respondent continued to practice law after he was suspended, we find the imposition of retroactive discipline inappropriate. Since the respondent did not obey the order of immediate suspension, he cannot now claim a benefit under that order.

## VI

It is hereby ordered that John Dale Stauffer, Jr., be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that Stauffer pay the combined costs of these proceedings in the amount of $1,618.87 with 90 days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.