The PEOPLE of the State of Colorado, Complainant,

v.

Keith A. McINTYRE, Attorney–Respondent.

No. 97SA206.

Supreme Court of Colorado, En Banc.

Aug. 11, 1997.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Jerry C. Daniel, Greeley, for Attorney–Respondent.

## PER CURIAM.

In this lawyer discipline case, the parties have executed a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18. The conditional admission recommended that the respondent be suspended for six months and be required to petition for reinstatement. An inquiry panel of the supreme court grievance committee approved the conditional admission and the recommended discipline. We accept the conditional admission and the recommendation of discipline.

### I.

The respondent was admitted to practice law in this state in 1971. He is currently on disability inactive status. *See* C.R.C.P. 241.19. The conditional admission states that the respondent was the sole proprietor of a law practice in Greeley and Eaton, Colorado, but that he recently closed the practice because of health problems.

Between the third quarter of 1993 and the fourth quarter of 1995, the respondent became liable for approximately $55,000 in unpaid federal withholding taxes for his employees. This total represents the amount that the respondent represented that he withheld from his employees, and which he was required to pay to the federal government.

The respondent's bookkeeper states that although she reminded the respondent of the amounts due and owing to the federal government, he regularly failed to make the required deposits. He did not pay the government the income taxes he withheld and he did not have the money to pay these amounts when due.

In addition, the respondent failed to file personal federal income tax returns for the years 1993, 1994, and 1995. The respondent and his wife currently owe the federal government $19,000, including penalties and interest for his 1992 federal income tax. While he understands that he is ultimately responsible for his current tax problems, the respondent blames his bookkeeper and his accountant for failing to keep him abreast of the situation. The respondent claims that because of this and his health problems, the present situation developed before he was aware of its gravity.

In any event, the respondent has admitted that his conduct violated Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law), and C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States).

### II.

The inquiry panel approved the conditional admission including the recommended discipline. The conditional admission indicates that in addition to the six-month period of suspension, the respondent has stipulated that he will undergo a reinstatement hearing to demonstrate that "he has satisfied the U.S. Internal Revenue Service and the Colorado Department of Revenue concerning any and all tax matters." Because he is currently on disability inactive status, the respondent acknowledges that, if he is reinstated from the six-month disciplinary suspension, he will also be required to undergo reinstatement proceedings under C.R.C.P. 241.23 and establish that the disability is removed and that he is competent to resume the practice of law. *See* C.R.C.P. 241.23(a).

In *People v. Holt*, 832 P.2d 948, 950–51 (Colo.1992), we suspended the lawyer for one year and one day for failing to file personal state and federal income tax returns, failing to pay federal withholding taxes for his professional corporation, and using cocaine, even though the lawyer's conduct had not resulted in criminal charges or convictions and no specific client had been actually harmed.

*Holt* also involved the lawyer's use of illegal drugs, which this case does not.

The complainant indicates that the following mitigating factors under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) are relevant to this case: the respondent has not been previously disciplined, *see id.* at 9.32(a); the presence of personal or emotional problems, *see id.* at 9.32(c); full and free disclosure during the disciplinary proceedings, *see id.* at 9.32(e); the presence of a physical disability, *see id.* at 9.32(h); and remorse, *see id.* at 9.32(*l* ). In aggravation, there is a pattern of misconduct, *see id.* at 9.22(c); multiple offenses, *see id.* at 9.22(d); and substantial experience in the practice of law, *see id.* at 9.22(i).

Considering the significant factors in mitigation, especially the absence of prior discipline in twenty-five years of practice, we conclude that a six-month suspension together with the requirement that the respondent petition for reinstatement is an adequate sanction. We therefore accept the conditional admission and the inquiry panel's recommendation. Nevertheless, some members of the court would have rejected the conditional admission and returned the case to the grievance committee for further proceedings.

### III.

It is hereby ordered that Keith A. McIntyre be suspended from the practice of law for six months, effective immediately upon the issuance of this opinion. It is also ordered that the respondent be required to petition for reinstatement pursuant to C.R.C.P. 241.22(b)-(d) before he may be reinstated. The respondent will be required to demonstrate at the reinstatement proceedings that he has satisfied the Internal Revenue Service and the Colorado Department of Revenue concerning any and all tax matters. It is further ordered that the respondent pay the costs of this proceeding in the amount of $60.75 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.