**In Re the Petition for DISCIPLINARY ACTION AGAINST Ronald O.W. YLITALO, an Attorney at Law of the State of Minnesota.**

**No. C1–85–1550.**

Supreme Court of Minnesota.

March 18, 1988.

Rehearing Denied April 8, 1988.

William J. Wernz, Director of the Office of Lawyers Professional Responsibility, Martin A. Cole, Asst. Director, St. Paul, for appellant.

Ronald O.W. Ylitalo, St. Paul, pro se.

**PER CURIAM.**

This case arises from the respondent's failure to timely file state and federal income tax returns and an alleged trust account shortage.

On September 3, 1985, respondent was publicly reprimanded and placed on supervised probation for two years. This discipline was imposed pursuant to a stipulation between respondent and the director wherein respondent admitted to a shortage in his trust account in September 1982 in the amount of $187.87 and for failure to maintain proper trust journals in 1983 and 1984.

On January 15, 1987, the director filed a petition for revocation of probation and further discipline for respondent's failure to file state and federal income tax returns and for a further trust account shortage during the same period of time as in the prior discipline case.

The court appointed a referee, and a hearing was held May 27, 1987. On June 12, 1987, the referee issued Findings of Fact, Conclusions of Law and Recommendation, recommending that respondent be suspended for 60 days and placed on two years supervised probation.

Respondent ordered a transcript of the hearing. Consequently, the referee's findings and conclusions are not conclusive. The director urges that the recommendation be followed, while respondent seeks a lesser sanction.

The referee's findings and conclusions are, to a large degree, supported by the record. As to the first count, failure to file tax returns, the record reflects that on September 26, 1986, the Minnesota Department of Revenue sent a written complaint to the director because respondent had not filed all required state tax returns. On October 3, 1986, that complaint was withdrawn after respondent filed all delinquent returns. In fact, prior to the issuance of the complaint, respondent had been in the process of filing all delinquent returns.

Respondent was found to have sufficient income to require filing. The evidence showed respondent was delinquent in filing both federal and state tax returns. Federal tax returns were delinquent for the years 1981–1984, while the State returns were delinquent for the years 1981–1985. Respondent does not dispute these findings but asserts various mitigating and explanatory reasons for his conduct. The record shows that refunds were generally owed; respondent is now current with all obligations; and respondent has completely cooperated with the present investigation.

The referee found that respondent's conduct violated DR 1–102(A)(5) and (6), Rules 8.4(b) and (d), the conditions of his probation, and the holding of *In re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972).

The second count of the petition dealt with a trust account shortage that occurred during the time respondent kept inadequate records. Upon reconstruction of respondent's books for the year 1984, a trust account shortage was found in an amount ranging from $586.85 to $808.66. Respon-

dent testified that the shortage constituted attorney's fees. Respondent's analysis of the hearing exhibits presents a plausible explanation that the missing amount was accrued fees. Respondent readily admitted that his books were inadequate in 1984. This was part of his prior discipline. However, the evidence shows that since that time respondent has kept adequate records and has remedied the deficiencies of his practice that led to his earlier discipline.

While we place great weight on the referee's recommendation, we alone bear the responsibility for what discipline is to be imposed. *See In re Gubbins*, 380 N.W.2d 810, 812 (Minn.1986); *In re Fling*, 316 N.W.2d 556, 559 (Minn.1982); *see also In re Scallen*, 269 N.W.2d 834, 841 (Minn. 1978) (recommendation of disbarment reduced to indefinite suspension).

The court considers the failure to file income tax returns to be serious misconduct. Since at least 1972, lawyers have been on notice that such a failure would subject them to discipline. *In re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972); *see also In re Johnson*, 414 N.W.2d 199, 201 (Minn.1987) (under both the prior Code and current Rules, failure to file tax returns subjects attorney to almost certain sanctions).

In *Bunker*, the court announced that the normal sanction for failure to file tax returns "will consist of either suspension or disbarment." 294 Minn. at 55, 199 N.W.2d at 632. The court further noted that the "alternative of granting probation is still reserved * * * but it will be allowed in only the most extreme, extenuating circumstances * * *." *Id.* Subsequent cases have shown that suspension is the normal sanction in failure to file cases. *See Johnson*, 414 N.W.2d at 201–02; *In re Jones*, 383 N.W.2d 686, 688 (Minn.1986).

The court has rarely granted probation in these cases. In order for probation to be appropriate, extreme mitigating circumstances, such as illness, chemical dependency or depression must be shown to have caused the violation. *Johnson*, 414 N.W.2d at 202; *see In re Knutson*, 405 N.W.2d 234, 236–38 (Minn.1987) (respondent's se-

vere family problems viewed as mitigation to justify the sanction of probation). Suspension is particularly appropriate where the failure to file occurs while an attorney is already on probation. In *Jones*, 383 N.W.2d at 687, the respondent was indefinitely suspended, with permission to reapply after 90 days, for failing to file and pay individual taxes, coupled with other violations while he was on probation. The tax liability in *Jones* was several thousand dollars, and there was also a finding that the respondent made misrepresentations to the Director about his tax compliance. *Id.* The court also noted that this was the third time the respondent had faced disciplinary action in as many years. Consequently, the court followed the referee's recommendation.

Similarly, indefinite suspension, with permission to reapply after one year, was imposed in *In re Shaw*, 396 N.W.2d 573 (Minn.1986). In *Shaw*, the respondent was on probation for trust account problems. *Id.* He failed to file both federal and state tax returns. In addition to the filing violation, it was found that additional trust account problems existed and that the respondent was inappropriately slow in returning a file to a former client. The respondent argued that severe sanction was inappropriate in light of overwork, fatigue and health problems. *Id.* at 575. The court, however, determined that the respondent failed to show by clear and convincing evidence that his misconduct had been mitigated.

In the present case, the referee recommends 60 days suspension along with two years probation. The referee seems to primarily rely on the failure-to-file claim along with the fact that the violation occurred while respondent was on probation. However, it is apparent that at least part of the referee's recommendation was based on the alleged trust account shortage. Since we are convinced by respondent's explanation that no shortage existed, we believe it is appropriate to depart from the recommendation.

We note that the purpose of attorney discipline is "not primarily punitive but 'to guard the administration of justice and to protect the courts, the legal profession and the public.'" *In re Serstock*, 316 N.W.2d 559, 561 (Minn.1982); *quoting In re Hanson*, 258 Minn. 231, 233, 103 N.W.2d 863, 864 (1960). In this case, the full sixty day recommended suspension would not serve this purpose. The referee specifically found that there was no evidence of client neglect; there had been no complaints; the respondent had a good reputation for competence and integrity. Therefore, while respondent's conduct clearly violated the rules, we believe the recommended sanction to be excessive. However, some period of suspension is necessary under these facts to deter future misconduct.

We hereby order the following sanctions be imposed:

1. Respondent is hereby suspended from the practice of law for a period of 30 days commencing May 1, 1988.

2. The requirements of Rule 18 of the Lawyers Professional Responsibility Board are hereby waived.

3. Upon reinstatement, respondent shall be subject to supervised probation for a period of one year, said probation to include requirements that respondent maintain law office books and records in conformity with Rule 1.15 and Lawyers Professional Responsibility Board Amended Opinion, No. 9 and that respondent timely file his federal and Minnesota individual income tax returns and provide verification to the Director, upon request, of his timely filing.

4. Respondent is required to pay $750 costs.