**In re Petition for DISCIPLINARY ACTION AGAINST Peter WEISS, an Attorney at Law of the State of Minnesota.**

No. C7–87–1086.

Supreme Court of Minnesota.

March 22, 1988.

## ORDER

The Director of the Office of Lawyers Professional Responsibility (Director) filed a petition for the imposition of disciplinary sanctions alleging that the respondent Peter Weiss had failed to timely file income tax returns and had failed to cooperate in the Director's disciplinary investigation thereafter. The respondent defended on the grounds that since 1978 he has suffered from severe depression which was the productive cause of both his failure to timely prepare and file state and federal income tax returns and of his noncooperation with the Director's office. Subsequently, the matter was submitted to a referee appointed by this court who issued his findings of fact, conclusions and recommendation. Following the filing of the recommendation, the Director and the respondent stipulated generally, with a few modifications, to the referee's proposed recommendation for disciplinary sanction. In essence the referee found that the respondent failed to file Minnesota income tax returns for the years 1979 through 1986 until July 1987 as well as that he had failed to file federal income tax returns for the years 1983 through 1985. Subsequently the respondent was charged with and pled guilty to two gross misdemeanor counts of failure to file Minnesota individual income tax returns and received a jail sentence on each count with the execution stayed upon condition that all outstanding tax returns be filed and penalties and taxes due thereon be timely paid. The respondent's failure to file the income tax returns violated DR 1–102(A)(5) and (6), Minnesota Code of Professional Responsibility, and after September 1, 1985, violated Rules 8.4(b) and (d), Minnesota Rules of Professional Conduct. The referee also found that initially the respondent had failed to cooperate with the Director's investigation of this matter in violation of Rule 8.1(a)(3), MRPC, and *In re Cartwright*, 282 N.W.2d 548 (Minn. 1979). However the referee found mitigation in the fact that since at least 1978 respondent has suffered from severe depression which has been a productive cause of his failure to file income tax returns and his noncooperation. The referee also found that respondent has made progress in recovering from this depression but that he had failed to demonstrate by clear and convincing evidence that he is presently receiving the most appropriate treatment for the condition or that his improvement has been such that absent supervision his conduct is not apt to reoccur. Based upon those findings and upon the stipulation of the parties with respect thereto, together with certain suggested refinements,

NOW, THEREFORE, IT IS ORDERED:

1. That respondent is hereby publicly reprimanded for his failure to timely file state and federal income tax returns and

for his lack of cooperation with the Lawyers Board of Professional Responsibility.

2. Respondent is hereby placed upon probation subject to the following conditions:

    a. That respondent continue his employment and association with the law firm of Fetterly & Gordon who will undertake his supervision. Should respondent leave that firm during the course of probation, his employment association with other attorneys in which the respondent's work shall be limited and supervised shall be done in a manner deemed satisfactory to the Director.

    b. That within 60 days of the date of this order respondent shall obtain an evaluation from a licensed psychologist or psychiatrist other than his present psychiatrist acceptable to the Director to determine whether counseling or some other form of talk therapy is necessary for treatment of his depression and related symptoms and thereafter respondent shall comply with all terms and conditions of any recommended program and shall provide an authorization and waiver of privilege to allow the Director to verify such compliance with any treatment or counseling recommendations.

3. During the course of the probation the respondent shall timely file all future state and federal income tax returns and pay all tax liabilities due thereon.

4. Respondent shall remain on probation until he has provided to the Director written verification of timely filing of state and federal income tax returns for the years 1987, 1988, and 1989 and timely payment of the tax liabilities due on each.

5. Respondent shall pay $750 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.