**In Re Petition for DISCIPLINARY ACTION AGAINST Richard D. DONOHOO, an Attorney at Law of the State of Minnesota.**

No. C6–88–2398.

Supreme Court of Minnesota.

May 22, 1989.

### ORDER

On November 18, 1988, the Director of the Lawyers Professional Responsibility Board filed with this court a petition alleging that the respondent Richard D. Donohoo at various times following the tax years of 1981 through 1987 had failed to file timely tax returns to the state and federal taxing authorities when due or within times granted by those authorities as extensions of payment. After the respondent had interposed an answer, the Director and the respondent entered into a stipulation. Pursuant to the terms of the stipulation, the respondent and the Director agreed to dispense with further proceedings under Rule 14, Rules on Lawyers Professional Responsibility (RLPR) and agreed that this court could immediately dispose of this matter under Rule 15, RLPR. The respondent likewise waived all of his rights provided by Rule 14, RLPR, withdrew his answer to the Director's petition, and unconditionally admitted the allegations of the Director's petition. In the stipulation the respondent, who had no prior disciplinary history, admitted that he failed to timely file his 1981 income tax returns until approximately 21 months after due date; that he failed to file his Minnesota and federal income tax returns until one and one-half years after an extension had been granted by taxing authorities for the taxable year 1984; that he had failed to file his 1985 Minnesota and federal income tax returns until six months after an extension for filing had been granted by taxing authorities and that he had entered an Alford plea of guilty to Minnesota state charges that he had knowingly failed to file his 1984 and 1985 Minnesota state income tax returns. The stipulation further acknowledged that during the taxable years in question, the Respondent had paid substantial individual estimated taxes to both the Internal Revenue Service and the Minnesota Department of Revenue, and that when the returns were prepared and filed in at least two of the years in question even after the additional tax penalty and the interest assessment, the Respondent received net refunds of tax liabilities. In the stipulation the Director and the Respondent recommend that this court impose appropriate discipline.

The court having considered the petition and the stipulation, and in particular having been advised that the delay in timely filing of the returns was occasioned by the fact that Respondent prepared his own returns during years when he was extremely busy in his business and professional affairs and has since remedied that pattern of delinquency by retaining a CPA to prepare and timely file his returns, NOW ORDERS:

1. That the Respondent is hereby publicly reprimanded for his pattern of delinquency in failing to timely file federal and Minnesota income tax returns and that Respondent shall be placed on public probation for the term of two years from the date hereof.

2. That during the term of his probation and as a condition thereof the Respondent shall:

(a) Abide by the Minnesota Rules of Professional Conduct and shall at all times cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may in the future during the course of the probation come to the Director's attention.

(b) File all Minnesota and federal individual income tax returns as they become due. Respondent shall affirmatively report to the Director on or before the tax filing due date (including any extensions) for his 1988, 1989, and 1990 returns, his compliance with said filing requirements. Additionally upon the Director's request, Respondent shall provide the Director with tax authorizations necessary for the Director to obtain verification from state and federal authorities that the tax returns have been timely filed.

(c) Engage a certified public accountant to assist him with his tax returns during the period of his probation.

3. That Respondent pay the sum of $750 in costs to the Lawyers Professional Responsibility Board pursuant to Rule 24(a), RLPR.