**In re Petition for DISCIPLINARY ACTION AGAINST F. Clayton TYLER, an Attorney at Law of the State of Minnesota.**

No. C2–91–2215.

Supreme Court of Minnesota.

Dec. 11, 1992.

Marcia Johnson, Director Lawyers Prof. Resp. Bd., Karen A. Risku, Asst. Director, St. Paul, for petitioner.

Michael McGlennen, Minneapolis, for respondent.

PER CURIAM.

In this disciplinary proceeding the Director of the Office of Lawyers Professional Responsibility alleged, and the referee appointed by this court found, that respondent F. Clayton Tyler failed to file timely federal and Minnesota individual income tax returns and federal and Minnesota employer's quarterly withholding tax returns. Respondent, while admitting tax violations, challenges the referee's finding that the violations were intentional thereby warranting suspension. Because the record supports the referee's findings and conclusions, we impose a 30–day suspension followed by a two-year period of unsupervised probation.

Respondent was admitted to the practice of law in Minnesota in 1979. He practices in his own firm in Minneapolis. Prior to the filing of this petition on November 6, 1991, respondent had been issued two admonitions: one in August 1990 for attempting to negotiate a release from an ethics complaint; the other in December 1990 for neglecting a custody matter and failing to communicate appropriately with a client.

The referee who heard the disciplinary petition found that respondent failed to file timely Minnesota individual income tax returns for the years 1984, 1985, 1986, 1987, and 1989 although required by law to do so. Respondent also failed to file timely federal individual income tax returns for each of the years 1981 through 1987. Respondent's law firm has employed and compensated employees since its formation in 1982. Although required by law to file timely Minnesota and federal employer's quarterly withholding tax returns, respondent failed to timely file the Minnesota returns for the quarters ended September

1987 through September 1988 and March 1989 through June 1990. He also failed to file timely federal employer's quarterly withholding tax returns for the quarters ended December 1982, March 1983, September 1983 through December 1986, June 1987 through March 1988, March 1989 through September 1989, and March 1990 through December 1990. During this time, respondent accrued substantial tax liabilities.

Although money was withheld from his employees' paychecks to pay the withholding tax, respondent failed to establish a separate account for these funds. Instead, this money was kept in respondent's business checking account until paid to the appropriate taxing authority. Respondent paid other obligations out of this account, including monthly payments of $890.00 on a late-model Jaguar automobile used in connection with his law practice. He now also pays $260.00 per month for a boat.

Since 1982, respondent's individual income tax returns and employer's quarterly withholding tax returns have been prepared by a certified public accountant. Respondent acknowledged that on some occasions he failed to supply the accountant with the information needed to prepare the returns; on other occasions, he failed to file the completed returns after receiving them from the accountant though for the most part he had received them in time to meet either the regular filing deadline or the extension date. Respondent acknowledged personal responsibility for the late returns and admitted that by repeatedly failing to file his tax returns in a timely manner, he had committed misconduct.

In mitigation, the referee found that respondent performed *pro bono* work through his private law practice, was involved in community and church projects, and had helped family members in times of need. Further, no federal or state criminal proceedings were ever instituted, and all delinquent taxes had been paid by December 1991. Throughout this disciplinary process, respondent cooperated fully with the Director's office.

The referee concluded that respondent's conduct prior to September 1, 1985, in failing to file timely federal and Minnesota individual income tax returns and pay taxes when due violated DR1–102(A)(5) and (6), Minn.Code of Prof.Resp. (MCPR) and that respondent's conduct after August 31, 1985, violated Rules 8.4(b) and 8.4(d), Minn. Rules of Prof.Conduct (MRPC), as well as this court's holding in *In re Bunker,* 294 Minn. 47, 199 N.W.2d 628 (1972). The referee also determined that respondent's failure to file timely federal and state employer's quarterly withholding tax returns similarly violated the Code, the Rules, and *In re Bunker.* Finally, the referee found respondent's tax misconduct to be intentional. The referee recommended that respondent be suspended from the practice of law for thirty days and that, following reinstatement, he be placed on unsupervised probation for two years subject to certain specified conditions.

Because respondent timely ordered a transcript pursuant to Rule 14(e), Rules on Lawyers Prof.Resp., the findings of the referee are not conclusive. Nevertheless, in disciplinary proceedings, this court affords great weight to the findings and conclusions of the referee. *In re Schmidt,* 402 N.W.2d 544, 545 (Minn.1987). Unless clearly erroneous, the referee's findings will not be set aside. *In re Ruhland,* 442 N.W.2d 783, 785 (Minn.1989). Respondent challenges only the referee's finding that his tax misconduct was intentional. He claims that he should not be suspended because he did not act with criminal willfulness, that his tax misconduct was merely the result of negligent oversight. However, respondent retained an accountant to prepare his tax returns for filing; he was aware of when filings and payments were due. In explaining his conduct, respondent noted that his practice was cyclical and, at times, his current expenses exceeded his income. The record amply supports the referee's finding that, at least on some occasions, respondent's failure to file his tax returns on time was done intentionally to avoid or delay payment of taxes due.

The only question remaining is the appropriate discipline to be administered under the facts and circumstances of this case. Since 1972, the Minnesota bar has been on notice that failure to file income tax returns is serious professional misconduct that can result in either suspension or disbarment.[1] *In re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972). In determining the appropriate sanction to be imposed in a nonfiling case, this court has "structured the discipline relative to the egregiousness of the lawyer conduct under consideration." *In re Wylde*, 454 N.W.2d 423, 425 (Minn.1990). Short-term suspensions of thirty or sixty days have been ordered when the tax violations, even though sometimes coupled with other misconduct, were less serious and substantially mitigated. *See, e.g., In re Doom*, 463 N.W.2d 499 (Minn.1990); *In re Sahr*, 444 N.W.2d 290 (Minn.1989); *In re Munns*, 427 N.W.2d 670 (Minn.1988).

The less severe discipline of public reprimand and probation has been reserved for two types of cases. In the first category fall those cases in which the respondent attorney has been able to show, by clear and convincing evidence, that extreme extenuating circumstances created a mitigating disability which caused the tax violations alleged. *See, e.g., In re Weiss*, 421 N.W.2d 706 (Minn.1988) (severe depression); *In re McCallum*, 289 N.W.2d 146 (Minn.1980) (personal illness and depression); *In re Kerr*, 287 N.W.2d 652 (Minn. 1979) ("psychological aberration" following recovery from chronic alcoholism). The other group of cases is characterized by less serious misconduct, a lack of aggravating circumstances, and the presence of substantial mitigation. *See, e.g., In re Wylde*, 454 N.W.2d 423 (Minn.1990); *In re Donohoo*, 441 N.W.2d 450 (Minn.1989); *In re Andrew*, 417 N.W.2d 267 (Minn.1987).

In the present matter, the referee found that, while respondent has shown himself otherwise to be a credit to the profession and generous to his family, clients, church, and community, and has paid all outstanding obligations, his intentional delinquency in filing his tax returns warrants a short suspension. Respondent presents a sympathetic case, but in light of our cases and his repeated and intentional tax violations, we find the sanction recommended by the referee to be appropriate. Of particular concern to this court, and distinguishing this case from *In re Wylde*, is respondent's failure to file timely employer's withholding tax returns. By this means respondent essentially converted to his own use temporarily money belonging to his employees which he withheld from paychecks and placed in his business checking account.

Accordingly, we order:

1) That respondent F. Clayton Tyler is hereby suspended from the practice of law for thirty days from the date of this order;

2) That respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility;

3) That respondent shall be reinstated to the practice of law after the above-described suspension period, provided that he has shown the Director that he is then current in his continuing legal education credits (other requirements of Rule 18(e) of Rules on Lawyers Professional Responsibility are waived), has timely filed his state and federal tax returns, and has paid the $750 costs; and

4) Following reinstatement respondent shall be on unsupervised probation for a period of two years subject to the following conditions:

a) That he timely file all state and federal individual income tax returns and all state and federal employer's quarterly withholding tax returns when due;

b) That he affirmatively report, on or before the due date of each quarter during which his probation is in effect, compliance with the filing requirements described above and, upon request, provide the Di-

---

1. We note again it is for failure to file tax returns that lawyers are subjected to disciplinary sanctions, not for failure to pay taxes owed. As we said in *In re Disciplinary Action against* *Chrysler*, 434 N.W.2d 668, 669 (Minn.1989), the lawyer disciplinary system is not, nor should it be, a tax collection auxiliary for the government.

rector with tax authorizations necessary for the Director to obtain verification from state and federal authorities that tax returns have been filed; and

c) That he abide at all times by the Minnesota Rules of Professional Conduct.

So ordered.