In re Petition for DISCIPLINARY ACTION AGAINST Victor P. SEILER, an Attorney at Law of the State of Minnesota.

No. C3–96–2033.

Supreme Court of Minnesota.

Jan. 27, 1997.

---

### ORDER

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Victor P. Seiler has committed unprofessional conduct warranting public discipline; namely failure to pay state and federal withholding taxes when due in the years 1992 through 1995; and

WHEREAS, respondent has waived his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility, unconditionally admitted the allegations of the petition and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a public reprimand and 2 years' unsupervised probation subject to the following conditions:

a. Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall timely file all required state and federal tax returns, including individual and employer withholding returns, and timely pay the taxes due thereon. Respondent shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with filing and payments requirements. Such reports shall include copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of all applications for filing extension and proof of approval of such applications. Respondent shall provide all of the documents and information required herein without specific reminder or request.

d. Within 60 days from the execution of this stipulation, respondent shall enter into agreements satisfactory to the Internal Revenue Service (IRS) and the Minnesota Department of Revenue (DOR) for the payment of all unpaid taxes. Respondent shall provide the Director with copies of the payment agreements and proof of currency on payments required by the agreements. If after 60 days, agreement with the IRS and/or DOR has not been reached despite diligent effort by respondent, respondent shall report monthly to the Director concerning his progress in reaching agreement. Such reports shall continue until written agreements have been signed by both the IRS and DOR, and

WHEREAS, this court has independently reviewed the record and agrees that the jointly recommended discipline is appropriate for the admitted conduct,

IT IS HEREBY ORDERED that respondent Victor P. Seiler is publicly reprimanded

and is placed on 2 years' probation subject to the jointly recommended conditions set out above. The respondent shall pay to the Director $900 in costs pursuant to Rule 24, as agreed to in the stipulation.

BY THE COURT:

/s/ Alexander M. Keith
A.M. Keith
Chief Justice

PAGE, Justice (dissenting).

I believe that we should reject the stipulation. The respondent's misconduct is serious and requires greater discipline. An attorney who fails to timely pay employer withholding taxes:

[E]ssentially convert[s] to his own use temporarily money belonging to his employees which he withheld from paychecks * * *. [T]he failure to pay employer's withholding taxes is tantamount to taking employees' money for the attorney's own use, breaches the trust established between employer and employee, and calls on governmental resources to enforce compliance with the law by those who are sworn to uphold it.

*In re Gurstel,* 540 N.W.2d 838, 842 (Minn. 1995) (citations and internal quotation marks omitted).