588 N.W.2d 119 (1999)
IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,
v.
H. Reed DOUGHTY, Respondent.
No. 98-1771.
Supreme Court of Iowa.
January 21, 1999.
Norman G. Bastemeyer, Charles L. Harrington, and David J. Grace, Des Moines, for complainant.
Gary M. Lane, Davenport, and Michael W. Liebbe, Davenport, for respondent.
Considered by McGIVERIN, C.J., and LARSON, LAVORATO, SNELL, and CADY, JJ.
LARSON, Justice.
H. Reed Doughty, the respondent in this disciplinary case, was admitted to the bar in 1964 and has practiced in Davenport, Iowa, since 1990. He failed to file federal and Iowa income tax returns from 1985 through 1995 and pled guilty to federal misdemeanor charges involving four of those years. He served time under a federal sentence. We do not know the status of any state charges.
The respondent was temporarily suspended by this court on September 12, 1997, under Court Rule 118.14 (conviction of crime that would be ground for license suspension or revocation). Following a hearing, our grievance commission recommended the respondent's license be suspended for a minimum *120 of eighteen months from the date of his temporary suspension, and we adopt that recommendation.
The facts are undisputed. The commission found the respondent has been very open and frank in the disciplinary proceedings and found him to be a respected member of the bar. We believe the record bears that out. The respondent cooperated fully in the investigation of this case. Nevertheless, as the commission noted, discipline is necessary to deter similar conduct by others and to maintain the reputation of the bar as a whole. See Committee on Prof'l Ethics & Conduct v. Blomker, 379 N.W.2d 19, 21 (Iowa 1985). The respondent's failure to file income tax returns violates DR 1-102(A)(3) and (4) (lawyers shall not engage in illegal conduct involving moral turpitude and shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).
We have imposed sanctions ranging from sixty days to three years in cases involving attorneys who have failed to file income tax returns. See, e.g., Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Runge, 588 N.W.2d 116, 117 (Iowa 1999) (six-month suspension for failure to file Iowa income tax returns for four years); Committee on Prof'l Ethics & Conduct v. Baudino, 452 N.W.2d 455, 460 (Iowa 1990) (six-month suspension for failing to timely file federal and state income tax returns for three years); Committee on Prof'l Ethics & Conduct v. McMillen, 449 N.W.2d 339, 341 (Iowa 1989) (nine-month suspension for failing to timely file state and federal returns for five years); Committee on Prof'l Ethics & Conduct v. Jay, 430 N.W.2d 115, 118 (Iowa 1988) (sixty-day suspension for failure to timely file federal and state returns for two years); Committee on Prof'l Ethics & Conduct v. Cook, 409 N.W.2d 469, 471 (Iowa 1987) (three-month suspension for failing to timely file state and federal returns for four years); Committee on Prof'l Ethics & Conduct v. Matias, 397 N.W.2d 514, 516 (Iowa 1986) (six-month suspension for failure to file state returns for two years and previous suspension for failing to comply with continuing legal education requirements); Committee on Prof'l Ethics & Conduct v. Crawford, 351 N.W.2d 530, 532 (Iowa 1984) (six-month suspension for failing to file timely state and federal returns for two years and failing to timely file combined statement and questionnaire with the client security commission for two years); Committee on Prof'l Ethics & Conduct v. Wagener, 251 N.W.2d 482, 482 (Iowa 1977) (threemonth suspension for failing to file state income tax return in 1973).
Perhaps the closest cases on their facts are Committee on Professional Ethics & Conduct v. Holmes, 271 N.W.2d 702, 703-04 (Iowa 1978) (eighteen-month suspension for failing to file state returns for five years and for falsely certifying client security and attorney disciplinary questionnaire for three years); Committee on Professional Ethics & Conduct v. Roberts, 246 N.W.2d 259, 260 (Iowa 1976) (eighteen-month suspension for failing to file federal and state returns for nine years); Committee on Professional Ethics & Conduct v. Pieters, 241 N.W.2d 1, 2 (Iowa 1976) (eighteen-month suspension for failure to file federal returns for two years and state returns for six years); and Committee on Professional Ethics & Conduct v. Lemon, 237 N.W.2d 824, 826 (Iowa 1976) (eighteen-month suspension for failure to file federal returns for two years and state returns for four years).
Based on our prior cases and the substantial number of years involved in this case, we conclude that a minimum suspension of eighteen months is warranted. It is ordered that the respondent's license be suspended indefinitely with no possibility of reinstatement for eighteen months following his temporary suspension of September 12, 1997. Upon application for reinstatement, Doughty shall have the burden of proving he has not practiced law during the period of suspension and that he has met the requirements for client notification set forth in Court Rule 118.18. Any reinstatement shall be conditioned on the respondent's demonstration that he is in compliance with all restitution plans regarding his income taxes. Costs are assessed to the respondent. See Ct. R. 118.22.
LICENSE SUSPENDED.