# IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS & CONDUCT, Complainant,

v.

## James B. MORRIS III, Respondent.

No. 99–1574.

Supreme Court of Iowa.

Jan. 20, 2000.

**654**

Norman G. Bastemeyer, and Charles L. Harrington, Des Moines, for complainant.

James B. Morris III, Des Moines, pro se, for respondent.

Considered by McGIVERIN, C.J., CARTER, NEUMAN, and CADY, JJ., and HARRIS,* S.J.

* Senior judge assigned by order pursuant to

CADY, Justice.

This is an attorney disciplinary action involving James B. Morris III. A division of the Grievance Commission found Morris violated the Code of Professional Responsibility by willfully failing to pay withholding taxes on wages paid to an employee of his law office and failing to file the required withholding forms. It recommended an indefinite suspension with no possibility of reinstatement for six months. On our review, we impose an indefinite suspension of not less than six months.

## I. Background Facts and Proceedings.

James B. Morris III was admitted to the practice of law in Iowa in 1979. He maintains a law office in Des Moines and primarily practices in the areas of real estate, family and criminal law. He practices as a sole practitioner, but shares his office with his brother. Morris is married and has a family.

Morris employed Denise Lippillo as a secretary and receptionist from 1990 to 1994. From December 31, 1991, to January 30, 1994, Morris failed to pay withholding taxes on the wages he paid to Lippillo. He also failed to file the required withholding forms.

As a result, Morris was charged in state district court with fraudulent practices in violation of Iowa Code sections 422.25(5), 714.8(10), and 714.12(1) (1995). He subsequently pled guilty to fraudulent practice in the fourth degree. Morris received a suspended jail sentence and was fined in the sum of $1000. He also paid restitution to the state in the amount of $4494.81.

The Board of Professional Ethics and Conduct filed a complaint against Morris on May 11, 1999. It claimed a failure to pay the withholding taxes violated DR 1–102(A)(3), (4), (5) and (6). Morris acknowledged the essential elements of the complaint, and the hearing before the commis-

Iowa Code section 602.9206 (1999).

sion essentially concerned the sanction to result.

Morris testified at the hearing he did not pay the quarterly withholding tax because he often did not produce enough income from his practice to pay the taxes during the time he employed Lippillo. Morris is a renal dialysis patient, which has placed some constraints on his ability to produce income. Morris paid the restitution to the state by refinancing the mortgage on his home.

Morris has been disciplined on two prior occasions. He was reprimanded for several violations in 1993, including neglect of a trust, maintaining inadequate client trust account records, and making a false certification on an annual client security questionnaire. In 1994 he was suspended for neglect of probate matters, failure to withdraw from a case as requested by a client, and failure to cooperate with the ethics investigation.

Following the hearing on the complaint, the commission found Morris violated DR 1–102(A)(3) (illegal conduct involving moral turpitude), DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), and DR 1–102(A)(6) (conduct that adversely reflects on the fitness to practice law). It recommended Morris be suspended for six months.

## II. Standard of Review.

We review the findings and recommendations of the Grievance Commission de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Winkel*, 542 N.W.2d 252, 254 (Iowa 1996). We give respectful consideration to the findings and recommendations of the commission, but are not bound by them. *Id.*

## III. Ethics Violation.

We have previously disciplined lawyers in Iowa for conduct resulting in a criminal conviction for fraudulent practice.

See *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Neuwoehner*, 595 N.W.2d 797, 797 (Iowa 1999); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Runge*, 588 N.W.2d 116, 117 (Iowa 1999). These cases, however, have involved discipline for failing to file tax returns. See *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Doughty*, 588 N.W.2d 119, 120 (Iowa 1999) (and cases cited therein). We have not previously considered the failure of a lawyer to pay employee withholding taxes in the operation of a law office.

Like the failure to file tax returns, we believe the willful failure to pay employee withholding taxes or file the required withholding forms constitutes serious professional misconduct. See *State ex rel. Nebraska State Bar Ass'n v. Caskey*, 251 Neb. 882, 560 N.W.2d 414, 418 (1997); *see also In re Disciplinary Action Against Gurstel*, 540 N.W.2d 838, 842 (Minn.1995). The conduct not only violates a criminal statute, but involves moral turpitude. See *Caskey*, 560 N.W.2d at 418. It is tantamount to taking an employee's money. *Gurstel*, 540 N.W.2d at 842. It constitutes a serious breach of trust established between employer and employee and imposes on the resources of the state to enforce compliance with the law by individuals sworn to uphold it. *Id.* Lawyers violate their oath to uphold the law by violating a criminal statute. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Thompson*, 595 N.W.2d 132, 134 (Iowa 1999).

We conclude the willful failure to pay employee withholding taxes and to file the required withholding forms violates those provisions of the Iowa Code of Professional Responsibility for Lawyers identified by the commission. The evidence in the case convincingly established Morris had violated DR 1–102(A)(3), (4), (5), and (6).

## IV. Discipline.

We have considered the failure to file income tax returns to constitute serious professional misconduct supporting suspension for various periods of time. See

*Doughty,* 588 N.W.2d at 120; *Runge,* 588 N.W.2d at 118. The failure to pay employee withholding taxes is equally serious. *See Caskey,* 560 N.W.2d at 418; *Gurstel,* 540 N.W.2d at 842. In some ways, it can bear more significantly upon the professional competency of a lawyer than the failure of a lawyer to properly discharge individual tax obligations. *In re Discipline of Johnson,* 414 N.W.2d 199, 202 (Minn.1987). The violation of the withholding provisions by a lawyer directly relates to the operation of the practice of law and may reflect the seriousness with which the lawyer treats the professional obligation to handle money belonging to others. *Id.* Other jurisdictions which have considered the discipline to result from the failure of a lawyer to pay employee withholding taxes find the conduct warrants suspension. *See In re Brown,* 12 Cal.4th 205, 48 Cal.Rptr.2d 29, 38, 906 P.2d 1184 (1995) (sixty-day suspension, two year probation); *People v. McIntyre,* 942 P.2d 499, 501 (Colo.1997) (six-month suspension); *Attorney Grievance Comm'n v. Baldwin,* 308 Md. 397, 519 A.2d 1291, 1297 (1987) (eighteen-month suspension); *Grievance Adm'r v. Nickels,* 422 Mich. 254, 373 N.W.2d 528, 531 (1985) (120-day suspension in light of prior reprimands); *Gurstel,* 540 N.W.2d at 842 (thirty-day to sixty-day suspension); *In re Kline,* 156 Mont. 177, 477 P.2d 881, 882 (1970) (indefinite suspension); *Caskey,* 560 N.W.2d at 419 (six-month suspension); *In re Glover,* 335 S.C. 554, 518 S.E.2d 258, 258 (1999) (ninety-day suspension).

 Notwithstanding, the appropriate sanction in any disciplinary case rests with the particular facts and circumstances. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sylvester,* 548 N.W.2d 144, 147 (Iowa 1996). Additionally, we not only consider the nature of the violations, but also the need for deterrence, protection of the public, maintenance of the reputations of bar as a whole, and the respondent's fitness to practice law. *Iowa Supreme Ct.*

*Bd. of Prof'l Ethics & Conduct v. Stein,* 603 N.W.2d 574, 576 (Iowa 1999).

Considering all of the circumstances of this case, we are mindful that Morris has been disciplined in the past. This prior discipline can support enhanced sanctions in this case. *See Committee on Prof'l Ethics & Conduct v. Leed,* 477 N.W.2d 390, 392 (Iowa 1991). Conversely, we also consider the medical and financial problems Morris has suffered. *See Committee on Prof'l Ethics & Conduct v. Owens,* 427 N.W.2d 463, 464 (Iowa 1988). These personal factors do not excuse misconduct but may impact the appropriate sanction. *Id.* at 465.

In view of all the circumstances and relevant factors, we indefinitely suspend the license of James B. Morris III to practice law in Iowa, with no possible reinstatement for six months from the filing of this opinion. The suspension applies to all aspects of the practice of law. *See* Ct. R. 118.12. Upon application for reinstatement, Morris shall have the burden to prove he has not practiced law during the period of suspension and has met the client notification requirements of Court Rule 118.18. Any application for reinstatement shall be covered by Court Rule 118.13. Costs of this proceeding are assessed against Morris. *See* Ct. R. 118.22.

**LICENSE SUSPENDED.**